IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC JASINSKI**, individually and on behalf of all others similarly situated,<br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>**KIA AMERICA, INC.**,<br>　　　　　　　　Defendant. | :<br>:　No. 25-cv-1234-JMY<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM**

**Younge, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　**October 31, 2025**

　　Currently before the Court is a *Notice of Motion and Motion to Dismiss* filed by Defendant.  (*Notice of Motion and Motion to Dismiss*, ECF No. 21.)  In this Motion, Defendant moves to dismiss this action by challenging the Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Defendant also challenges personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and Defendant moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (*Id.*)

　　The Court finds Defendant's Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, Defendant's Motion will be granted in part and denied in part.  Defendant's Motion will be granted to the extent it seeks to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because the Complaint does not identify applicable state law.  Defendant's Motion to Dismiss the Complaint for lack of personal jurisdiction will be denied, and Defendant's Motion to Dismiss will be denied in all other regards without prejudice to the ability of Defendant to raise identical arguments at a later stage in this litigation.  Plaintiff will also be granted leave to file an amended complaint.

I.  **PROCEDURAL AND FACTUAL BACKGROUND:**

Plaintiff initiated this matter by filing a putative class action complaint on March 7, 2025. (Complaint, ECF No. 1.) Defendant responded on August 6, 2025, by filing the Motion to Dismiss that is currently before the Court. (Motion to Dismiss.) In the Complaint, Plaintiff alleges to have purchased a Kia Soul from Courtesy Kia in Brandon, Florida. (Compl. ¶ 12.) Plaintiff further alleges that the Kia Soul is equipped with an engine containing a latent "Oil Ring Defect." (*Id.* ¶¶ 27–28.) Plaintiff brings this putative class action on behalf of himself and all similarly situated persons who purchased or leased any 2021-2023 Kia Soul and/or 2021-2023 Kia Seltos ("Class Vehicles"). (*Id.* ¶ 2.) The Complaint avers that unbeknownst to Plaintiff and the putative class members at the time of sale, this defect affects the piston oil rings, resulting in excessive oil consumption, diminished engine performance, and an increased risk of engine failure. (*Id.* ¶¶ 18, 28.) Plaintiff alleges that Defendant knew or should have known of the Oil Ring Defect before selling the Class Vehicles but failed to disclose it to consumers. (*Id.* ¶¶ 13, 18.) Plaintiff further alleges that as a result of Defendant's failure to disclose, Plaintiff and other Class Members either would not have purchased or leased their vehicles, or would have paid significantly less, had they been aware of the defect. (*Id.* ¶¶ 13, 18, 27.)

Defendant subsequently initiated a voluntary recall, offering a free engine replacement and installation of piston-ring sensing noise software. (*Id.* ¶ 30.) Plaintiff contends that the recall does not resolve the underlying manufacturing defect, offers no guarantee of a permanent fix, and fails to fully compensate for damages suffered, including benefit-of-the-bargain losses, diminished resale value, and loss of use of the vehicle. (*Id.* ¶¶ 25, 32–34.) Plaintiff further asserts that unless the root cause of the defect is corrected, the risk of future engine failure remains. (*Id.* ¶ 35.) The National Highway Traffic Safety Administration (NHTSA) has opened

an investigation into Defendant's voluntary recall program for the piston-ring problem in the 2021-2023 Kia Soul and 2021-2023 Kia Seltos. The NHTSA opened this investigation/audit after receiving numerous complaints about deficiencies in the Kia voluntary recall program.

## II.   APPLICABLE LEGAL STANDARD:

**A.   Applicable Legal Standard – Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1):**

In reviewing a motion brought pursuant to rule 12(b)(1), the Court should determine whether the motion presents a facial or factual challenge. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *see also Cardio-Med. Assocs. Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). A factual attack under Rule 12(b)(1) challenges the very power of a district court to hear a case, independent of the pleadings. *Mortensen*, 549 F.2d at 891.

When evaluating a factual challenge, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Unlike a facial attack, no presumption of truth attaches to the plaintiff's allegations in a factual challenge and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Furthermore, in a factual challenge, the plaintiff bears the

burden of establishing that jurisdiction exists. *Id.* The district court is not required to convert a motion to dismiss for lack of subject matter jurisdiction into a motion for summary judgment merely because the court considers evidence outside the complaint. *Medica v. City of Philadelphia*, 219 F. App'x 169, 172 (3d Cir 2007). However, prior to the filing of an answer, any attack on standing must be based on the allegations in the complaint. *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial."); *Mortensen*, 549 F.2d at 891-92 (3d Cir. 1977) ("This 12(b)(1) factual evaluation may occur at any stage of the proceedings, from the time the answer has been served.").

**B.      Applicable Legal Standard – Dismissal for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2)**:

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a defendant has raised this jurisdictional defense, the burden shifts to the plaintiff to present a *prima facie* case establishing jurisdiction over the non-resident defendant in the forum. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *see also Miller Yacht Sales, Inc., v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) ("[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction."). A plaintiff has the burden to show, "with reasonable particularity," enough contact between the defendant and the forum to support the exercise of personal jurisdiction by the forum state. *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *see also Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418 (E.D. Pa. 2005) ("In order to establish a *prima facie* case, the plaintiff must present specific facts that would allow the court to exercise jurisdiction over the defendant.").

4

In determining the existence of personal jurisdiction, courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker*, 292 F.3d at 368. Once the plaintiff's "allegations are contradicted by an opposing affidavit . . . [he or she] must present similar evidence in support of personal jurisdiction." *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 556 (M.D. Pa. 2009). To counter opposing affidavits, "[p]laintiffs may not repose upon their pleadings in this manner. Rather, they must counter defendant['s] affidavits with contrary evidence in support of purposeful availment jurisdiction." *Id.* at 559. To that end, "[t]he plaintiff must respond to the defendant's motion with 'actual proofs;' 'affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry.'" *Lionti v. Dipna, Inc.,* No. 17-1678, 2017 U.S. Dist. LEXIS 98956, at *4-5 (E.D. Pa. June 27, 2017) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66, n.9 (3d Cir. 1984)); *see also Lehigh Gas Wholesale, LLC v. LAP Petro., LLC*, No. 14-5536, 2015 U.S. Dist. LEXIS 36569, at *5 (E.D. Pa. Mar. 23, 2015) ("Plaintiff carries the burden to prove personal jurisdiction using 'affidavits or other competent evidence.'") (quoting *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)); *In re Chocolate Confectionary*, 602 F. Supp. 2d at 556-57 (a plaintiff must present contrary evidence in the form of "actual proofs[.]").

C.     **Applicable Legal Standard – Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)**:

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id*. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter,

5

accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "[the district court] must tak[e] note of the elements [the] plaintiff must plead to state a claim;" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

### III.   DISCUSSION:

Defendant argues that the doctrine of prudential mootness warrants dismissal of this action because it has instituted a voluntary recall program. (Motion to Dismiss.) Defendant further argues that Plaintiff lacks Article III standing to represent a nationwide class of individuals and/or a subclass of Pennsylvania residents/citizens. (*Id.*) Defendant also challenges the ability of this Court, located in Pennsylvania, to exercise personal jurisdiction over it. (*Id.*) Finally, Defendant raises various arguments for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, including the argument that the Complaint fails to cite to state specific common law.

The Court will now address the grounds for dismissal asserted by Defendant in its Motion to Dismiss. Since the Court grants Defendant's Motion to Dismiss based on Plaintiff's failure to

identify the state common law upon which he seeks to proceed in Counts I through V of the Complaint, the Court will not address each individual argument made by Defendant for dismissal based on a failure to state a claim under Fed. R. Civ. P. 12(b)(6). Instead, Plaintiff will be granted leave to file an amended complaint.

A.  **The Court will Abstain from Ruling on the Issue of Prudential Mootness at this Juncture in the Litigation:**

Defendant moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) by invoking the doctrine of prudential mootness. Defendant cites to its voluntary recall program in conjunction with the doctrine of prudential mootness and argues that the Court should relinquish jurisdiction because the dispute is being resolved through Defendant's recall program. The Court, however, will defer ruling on the question of standing to pursue claims in light of the doctrine of prudential mootness until after the Parties have had an opportunity to develop the factual record through discovery.

"The central question in a prudential mootness analysis is 'whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.'" *Sierra Club v. U.S. Army Corps of Engineers*, 277 F. App'x 170, 172-73 (3d Cir. 2008) (quoting *International Brotherhood of Boilermakers, etc. v. Kelly*, 815 F.2d 912, 915 (3d Cir. 1987)). Prudential mootness is distinct from Article III mootness. *Id.* at 172. Article III mootness comes into play where there is no longer a "case or controversy" to bestow jurisdiction on a federal court. *Id.* at 172. Prudential mootness, on the other hand, is discretionary and is implicated where "the controversy is "'so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant.'" *Id.* (quoting *Chamber of Commerce v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C.Cir.1980)). In the context of a recall, "[c]ourts have routinely declined to apply

this doctrine where plaintiffs seek not just equitable relief, but legal relief that exceeds what defendants were offering through a recall." *Davis v. BMW of N. Am.*, LLC, No. 19-cv-19650, 2022 WL 3646571, at *3 (D.N.J. Aug. 23, 2022) (collecting cases).  See also *Burbank v. BMW of N. Am., LLC.*, 2022 U.S. Dist. LEXIS 49435 (D.N.J. March 21, 2022); *Cohen v. Subaru of Am., Inc.*, 2022 U.S Dist. LEXIS 42496 (D.N.J. Dist. Mar 10, 2022); *Rose v. Ferrari N. Am., Inc.*, 2022 U.S. Dist. LEXIS 194015 (D.N.J. Oct 25, 2023); *McMahon v. Volkswagen Aktiengesellschaft*, 2023 U.S. Dist. LEXIS 105309 (D.N.J. June 16, 2023) (denying motion to dismiss based on doctrine of prudential mootness); *Bolton v. Ford Motor Company*, 2024 U.S Dist. LEXIS (D. Del. July 8, 2024) (denial of motion to dismiss based on prudential mootness at the pleading stage of litigation).

This Court construes Defendant's arguments on mootness as facial attacks on standing because Defendant has not filed an answer. *Mortensen*, 549 F.2d at 891-92.  As noted above, application of the prudential mootness doctrine, even in the context of a facial attack, is not appropriate where legal relief is sought that exceeds the relief provided through a recall. *Compare Davis*, 2022 WL 3646571 at *3, with *Cheng v. BMW of N. Am., LLC*, No. 12-cv-9262, 2013 WL 3940815, at *4 (C.D. Cal. July 26, 2013) (applying the doctrine of prudential mootness following a recall because the plaintiffs did not plead any monetary damages).  Like in *Davis*, Plaintiffs clearly allege diminution in value for their vehicles, which is a separate request for relief than a recall.  (See Complaint ¶ 25, 32-35.)  To dismiss the action now would be to dismiss the matter without giving Plaintiffs a chance to seek complete relief.  *Sater v. Chrysler Grp. LLC*, 2014 WL 11412674, at *5 (C.D. Cal. Oct. 7, 2014) ("To be sure, ordering Chrysler to replace the tie rods would duplicate the NHTSA-supervised recall, but holding it accountable for

8

the other alleged injuries affords relief the recall does not provide. Dismissing this case as prudentially moot would likely leave the owners of class vehicles without complete relief.").

Plaintiff has stated claims on the face of the Complaint that go beyond the Recall, so the Court will not apply the doctrine of prudential mootness and dismiss the Complaint. "If [Defendants] still wishes to prove that Plaintiffs have no standing to sue [them], [they] must answer, participate in discovery, and make a motion based on a properly developed record." *NJSR Surgical Ctr., L.L.C. v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. 12-cv-753, 2014 WL 2854707, at *4 (D.N.J. June 23, 2014). Because the Court finds that this matter is not prudentially moot and because the Court finds that it can fairly assess the other arguments in the Motions to Dismiss notwithstanding the Recall, the Court will not require Plaintiffs to file an amended complaint on this basis.

**B.     The Court Will Abstain from Answering Questions Related to Plaintiff Standing to Represent a Nationwide Class or Pennsylvania Subclass until Plaintiff Moves to Certify a Class Action:**

Under Federal Rule of Civil Procedure 12(b)(1), Defendant moves to dismiss nationwide class claims from the Complaint along with Pennsylvania specific class claims by arguing that Plaintiff lacks Article III standing. Defendant argues that Plaintiff is a Florida resident/citizen who lacks Article III standing to represent a nationwide class which includes a subclass of Pennsylvania residents/citizens. Defendant contends that Article III standing is a threshold issue that should be decided at the motion to dismiss stage of this litigation. However, courts within the Third Circuit are split as to whether such a challenge may be properly heard as a standing issue on a motion to dismiss, or whether class certification is the correct vehicle for the analysis. *Lauren v. PNC Bank, N.A.*, 296 F.R.D. 389, 391 (W.D. Pa. 2014). Third Circuit precedent appears to permit either approach. *See Costa v. Whirlpool Corp.*, No. 24-cv-188-MN, 2025 WL

9

885245, at *12-13 (D. Del. Mar. 21, 2025) (collecting cases); *Crowell v. FCA US LLC*, No. 23-cv-13-MN, 2024 WL 4333088, at *12 (D. Del. Sept. 27, 2024).  For example, district judges in the United States District Court for the District of Delaware have reached different conclusions on the question about when the court should decide whether plaintiffs have Article III standing to bring claims on behalf of unnamed class members who suffered injuries in states in which plaintiffs did not themselves suffer injuries.  *Costa*, 2025 WL 885245 at *12.  Some cases hold that Article III standing is a threshold matter that should be decided at the beginning of the case.  *See, e.g., Diaz v. FCA US LLC*, 2022 WL 4016744, at *11 (D. Del. Sept. 2, 2022); *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.*, 2022 WL 736250, at *18 (D. Del. Mar. 11, 2022).  Other cases hold that standing exists as long as the named plaintiffs can show injury, causation, and redressability; the issue of standing to represent the entire class can be postponed until class certification is decided.  *See, e.g., Twardzik v. HP Inc.*, 2022 WL 606092, at *3 (D. Del. Jan. 25, 2022), *aff'd*, 2023 WL 5770999 (3d Cir. Sept. 7, 2023); *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*, 2022 WL 2438934, at *15 (D. Del. July 5, 2022).

The Court chooses to defer the question of standing because it sees "no reason to wade through complex issues of jurisdiction and constitutional law when determinations of fact and interpretation of Rule 23 could well resolve the issue."  *Seroquel*, 2022 WL 2438934, at *16; *Costa*, 2025 WL 885245, at *13 (same).  District courts routinely conclude at the motion to dismiss stage that any "standing" questions regarding unnamed, putative class members do not preclude named plaintiffs who themselves have plausibly alleged Article III standing from pursuing claims on their behalf.  *See In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-cv-2687, 2017 WL 3131977, at *18-19 (D.N.J. July 20, 2017) (finding named plaintiffs had

10

standing and then reserving for after class certification standing questions about unnamed, putative class members); *Ramirez v. STi Prepaid LLC*, 644 F. Supp. 2d 496, 505-06 (D.N.J. 2009) (concluding named plaintiffs had Article III standing "to bring their individual claims" and that was "all that [was] required" for standing at the pleading stage); *Molock v. Whole Foods Mkt., Inc.*, 297 F. Supp. 3d 114, 130 (D.D.C. 2018) (named plaintiffs had Article III standing, and upon that showing courts "should proceed to Rule 23 criteria to determine whether, and to what extent, the plaintiff[s] may serve in a representative capacity on behalf of the class"); *Pierre v. Healthy Bev., LLC*, 2022 U.S Dist. LEXIS 35109 (E.D. Pa. Feb 28, 2022).

As explained by the court in *Costa*, this Court is also skeptical that a plaintiff can maintain a state law cause of action across all fifty states given the nuances in the law from jurisdiction to jurisdiction. *Costa*, 2025 WL 885245, at *13. Nonetheless, because that inquiry is better settled at the class certification stage, the Court declines to dismiss those claims at this juncture. Plaintiff should consider the foregoing if they choose to amend. Therefore, Defendant Kia's motion to strike the nationwide class allegations is denied without prejudice.

**C.      Defendant's Motion to Dismiss for Lack of Personal Jurisdiction will be Denied:**

Defendant moves to dismiss this action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). The Court denies Defendant's motion to dismiss for lack of personal jurisdiction because Defendant's registration to do business in Pennsylvania, and its appointment of a registered agent establishes jurisdiction by consent.

Pennsylvania's general personal jurisdiction statute is codified at 42 Pa. Cons. Stat. § 5301. Pennsylvania law expressly provides that a foreign corporation's registration to do business constitutes consent to general jurisdiction. 42 Pa. Cons. Stat. § 5301(a)(2)(i), (b). The Third Circuit has squarely upheld the constitutionality of this statutory scheme, holding that

"registration by a foreign corporation carries with it consent to be sued in Pennsylvania courts." *Bane v. Netlink, Inc.*, 925 F.2d 637, 640–41 (3d Cir. 1991). The Eastern District of Pennsylvania has consistently applied *Bane* to find personal jurisdiction over registered foreign corporations. See, e.g., *Sciortino v. Jarden, Inc.*, 395 F. Supp. 3d 429, 436–37 (E.D. Pa. 2019) (finding registration constituted consent). More recently, the United States Supreme Court upheld this portion of Pennsylvania's statutory framework when it recognized that personal jurisdiction may rest on a defendant's consent, independent of the "at home" analysis for general jurisdiction. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 134–36 (2023); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 703–05 (1982). Consent is not a judicially created fiction – it is an "express waiver of the personal jurisdiction requirement" that is fully enforceable when given in compliance with state law. *Mallory*, 600 U.S. at 134–35.

Defendant's registration to do business in Pennsylvania, coupled with its appointment of a registered agent, satisfies § 5301 and independently establishes personal jurisdiction. Under *Mallory* and *Bane*, no further "minimum contacts" analysis is necessary. The Court is not persuaded by Defendant's argument that Pennsylvania's statutory framework violates the Dormant Commerce Clause to the extent that it establishes personal jurisdiction based on registration to do business. Therefore, the Court will deny Defendant Kia's motion to dismiss for lack of personal jurisdiction.

**D.  Defendant's Motion to Dismiss Counts I through V of the Complaint for Failure to State a Claim under Fed. R. Civ. 12(b)(6) is granted:**

The Court will grant the Defendant's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to identify the specific state law under which he seeks to proceed. Plaintiff asserts a variety of common law legal theories that are presumably based on state law. Plaintiff specifically seeks to recover based on the following legal theories:

Breach of Implied Warranty of Merchantability (Complaint ¶¶ 57-73 (Count I)); Fraud by Omission or Fraudulent Concealment (*Id.* ¶¶ 74-105 (Count II)); Unjust Enrichment (*Id.* ¶¶ 106-116 (Count III)); Strict Liability: Design Defect (*Id.* ¶¶ 117-125); and Strict Liability: Manufacturing Defect. (*Id.* ¶¶ 126-138 (Count V).) However, the Complaint is devoid of any reference to the specific state law upon which Plaintiff relies. Therefore, Plaintiff will be provided with a twenty (20) day period of time from the date this Order is entered on the docket to file an amended complaint that identifies the state law on which he will rely in this action.

### IV.  CONCLUSION:

For the above reasons, Defendant's Motion to Dismiss for failure to state a claim under 12(b)(6) will be granted with leave to file an amended complaint. Defendant's Motion to Dismiss for lack of personal jurisdiction will be denied, and Defendant's Motion to Dismiss will be denied in all other regards without prejudice to the ability of Defendant to raise identical arguments at a later stage in this litigation. An appropriate Order will follow.

BY THE COURT:

  /s/ John Milton Younge  
Judge John Milton Younge