## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC JASINSKI**, individually and on behalf of all others similarly situated, | : : | No. 25-cv-1234-JMY |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **KIA AMERICA, INC.**, | : | |
| Defendant. | : | |

**MEMORANDUM**

**Younge, J.**                                                                       May 20, 2026

### I.     INTRODUCTION:

Currently before the Court is Defendant's *Motion to Dismiss the First Amended Complaint*.  (*Motion to Dismiss*, ECF No. 36.)  In its Motion, Defendant moves to dismiss this lawsuit by challenging the Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Defendant also moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and it seeks to have this lawsuit transferred to either Florida or California under 28 U.S.C. § 1404(a).  (*Id.*)  The Court finds Defendant's Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, Defendant's Motion will be denied.

Defendant previously filed a Motion to Dismiss which the Court granted in part and denied in part by Order and Memorandum.  (Order & Memorandum, ECF No. 29, 30.)  The Order and Memorandum that was previously entered by the Court sets forth the relevant factual and procedural history related to Defendant's Motion to Dismiss.  The Order and Memorandum also sets forth the applicable legal standards.  Therefore, it would be redundant and unnecessary to reiterate the factual and procedural history related to this litigation or the applicable legal

standard for Defendant's motion to dismiss.  The Court will instead incorporate by reference the Order and Memorandum that it entered when resolving the Defendant's Motion to Dismiss the Complaint.  (Order & Memorandum, ECF No. 29, 30.)

After the Court dismissed the initial complaint, Plaintiffs filed an Amended Complaint (Amended Complaint, ECF No. 33) which Defendant now moves to dismiss or transfer to another jurisdiction.

## II.   DISCUSSION:

### A.   Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is Denied:

The Defendant attacks the Court's subject-matter jurisdiction by arguing that Plaintiff lacks standing to bring this lawsuit because he cannot establish that he in fact suffered an injury. Defendant further argues that any injury that Plaintiff alleges to have suffered is not ripe for disposition because Defendant has agreed to make warranty repairs, and Plaintiff's car is running fine.  Therefore, Defendant concludes that Plaintiff's alleged harm is based on the possibility that Plaintiff's car could potentially break down in the future.

In order to establish subject-matter jurisdiction, Plaintiff must demonstrate three elements: "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *In re NCB Mgmt. Servs., Inc. Data Breach Litig.,* 748 F. Supp. 3d 262, 271 (E.D. Pa. 2024).  When discussing the first element of the tripartite test espoused hereinabove, the Third Circuit Court of Appeals wrote, "While it is difficult to reduce injury-in-fact to a simple formula, economic injury is one of its paradigmatic forms." *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174, (3d Cir. 2024) quoting *Danvers Motor Co. v. Ford Motor Co.,* 432 F.3d 286, 291 (3d Cir. 2005).  A Plaintiff can successfully plead an economic injury by

alleging that they "bargained for a product worth a given value but received a product worth less than that value". *Id.* This is known as the benefit-of-the-bargain theory of injury. Under this theory "[t]he economic injury is calculated as the difference in value between what was bargained for and what was received." *Id.*

Plaintiff successfully alleges factual content to satisfy the Court's requirement of subject-matter jurisdiction by asserting allegations of injury-in-fact and ripeness. Factual averments in the Amended Complaint are sufficient to establish that Plaintiff purports to have suffered a concrete, particularized injury that already occurred. For example, Plaintiff alleges that he purchased a Kia Soul equipped with an engine that contained a latent "Oil Ring Defect." (*Id.* ¶¶ 27–28.) Plaintiff further avers that this defect affects the piston oil rings, resulting in excessive oil consumption, diminished engine performance, and an increased risk of engine failure. (*Id.* ¶¶ 18, 28.) Plaintiff acknowledges that Defendant initiated a voluntary recall, offering a free engine replacement and installation of piston-ring noise sensing software. (*Id.* ¶ 30.) Plaintiff contends that the recall does not resolve the underlying manufacturing defect, offers no guarantee of a permanent fix, and fails to fully compensate for damage suffered, including benefit-of-the-bargain losses, diminished resale value, and loss of use of the vehicle. (*Id.* ¶¶ 25, 32–34.) Plaintiff further asserts that unless the root cause of the defect is corrected, the risk of future engine failure remains. (*Id.* ¶ 35.)

Therefore, Defendant's Motion to Dismiss for lack of subject-matter jurisdiction will be denied.

**B.** **Defendant's Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) is Denied:**

Defendant argues that the Court should apply Florida law to this lawsuit and dismiss the action under Federal Rule of Civil Procedure 12(b)(6). Defendant argues that dismissal is

3

appropriate because Plaintiff has failed to state a claim under Florida law.  Defendant also argues that Federal Rule of Civil Procedure 12(b)(6) dismissal for failure to state a claim is appropriate under Pennsylvania common law.  Under Pennsylvania's choice-of-law framework, the *Griffith* methodology applies to claims asserted by Plaintiff in this lawsuit.  *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 403 (3d Cir. 2016) (quoting *Melville v. Am. Home Assurance Co.*, 584 F.2d 1306, 1312 (3d Cir. 1978)).  The *Griffith* methodology is a hybrid approach that combines both the "significant relationship" test from the Restatement (Second) of Conflict of Laws and the "interest analysis" to determine which state has the most substantial connection to the dispute.  *Murray v. Janssen Pharms., Inc.*, 180 A.3d 1235 (Pa. Super. 2018).  Under this approach, where there is a "true conflict" of law between states, the court must "determine which state has the "greater interest in the application of its law."  *Bernard v. Johnson & Johnson*, No. 19-cv-5184-JMY, 2020 WL 5407818, at *4 (E.D. Pa. Sept. 9, 2020).

The Court will decline to apply Florda law at the motion to dismiss stage in this litigation.  In arguing in favor of the application of Florda law, Defendant ignores its own relationship with Pennsylvania where it purportedly sold Kia Souls and Seltos.  (Amended Complaint ¶¶ 9-10.)  Defendant further ignores the putative class-action nature of this lawsuit which includes a potential nationwide class, which by definition, would also include Pennsylvania residents.  (*Id.* 43.)  Plaintiff asserts three claims against Kia under Pennsylvania Law: (1) breach of implied warranty of merchantability; (2) fraud by omission or fraudulent concealment, and (3) unjust enrichment.  (*Id.* ¶¶ 78–153.)  He purports to assert these claims "on behalf of himself and as a class action."  (*Id.* ¶ 43.)  Specifically, Plaintiff purportedly "brings this action on behalf of himself and all similarly situated persons who purchased or leased any 2021-2023 Kia Soul and 2021-2023 Kia Seltos ('Class Vehicles')."  (*Id.* ¶ 2.)  He purports to

4

represent both a nationwide class of "[a]ll persons in the United States who purchased or leased" a Class Vehicle and a state-specific subclass of "[a]ll persons from Florida who purchased or leased" a class Vehicle. (*Id.* ¶ 43.)

The factual allegations as set forth in the Amended Complaint are sufficient to warrant the application of Pennsylvania law to Defendant's motion to dismiss. Perhaps, the Court will revisit its choice of law analysis when the Parties file motions for class certification and summary judgment. If the Court were to determine that this case was not appropriate for class certification, the Court's choice of law analysis could be revisited at that time. Therefore, the Court will analyze Defendant's motion to dismiss based on the Pennsylvania legal theories pled in the Amended Complaint as follows: (1) breach of implied warranty of merchantability; (2) fraud by omission or fraudulent concealment, and (3) unjust enrichment. (*Id.* ¶¶ 78–153.)

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pled allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). The standard is not whether a Plaintiff can prove their contentions, but whether allegations are plausibly pled. (*Id.*) Because Plaintiff has sufficiently pled facts that permit plausible inferences in support of legal theories asserted in the Amended Complaint, the Court will deny Defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**C.     Defendant's Motion to Transfer Venue to the Middle District of Florida or the Central District of California is Denied:**

As previously mentioned, Defendant argues that the Court should apply Florida common law to this lawsuit and dismiss this lawsuit for failure to state a claim. In the alternative, Defendant moves for discretionary transfer of this lawsuit under 28 U.S.C. § 1404(a). Section

1404(a) provides: (a) for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.  28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  However, a transfer, "is not to be liberally granted."  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  Defendants – as movants – bear the burden of establishing the need for transfer, and "'unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'"  *Id.*; *see also Jumara v. State Farm Ins. Co*., 55 F.3d 873, 879 (3d Cir. 1995).

In a transfer of venue analysis that does not involve a forum selection clause, the court conducts a two-part analysis.  First, the court must decide whether the proposed transferee district has proper jurisdiction and venue, i.e., could the case have been brought in the transferee district in the first instance.  *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 450-451 (D.N.J. 1999).  Second, the court applies various public and private factors to determine which forum is most appropriate to consider the case.  *Id.*; *Centimark Corp. v. Jacobsen*, No. 11-cv-1137, 2011 U.S. Dist. LEXIS 138673, at *6 (W.D. Pa. Nov. 30, 2011).

In *Jumara*, the Third Circuit recognized that in analyzing whether transfer is appropriate under Section 1404(a), courts have not limited their analyses to the "three enumerated factors in Section 1404(a)," and it set forth a list of private and public interest factors that a court should consider to determine whether transfer is appropriate. *Jumara*, 55 F.3d at 879-80.  The private factors include: the plaintiff's forum preference; the defendant's forum preference; whether the

claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Id.* at 879. The public interest factors include: enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

Defendant seeks to have this action transferred to the Middle District of Florida (where Plaintiff resides and where he purchased the car at issue) or to the Central District of California (where Kia resides). However, a plaintiff's choice of forum is entitled to deference. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Singley v. Flier*, 851 A.2d 200 (Pa. Super. 2004). Accordingly, a Defendant who seeks to change venue "bears the burden of proving that a change of venue is necessary, while a plaintiff generally is given the choice of forum so long as the requirements of personal and subject matter jurisdiction are satisfied." *Singley v. Flier*, 851 A.2d 200 (Pa. Super. 2004).

Defendant does not dispute that venue is proper in Plaintiff's chosen forum – the Eastern District of Pennsylvania. Defendant simply argues for discretionary transfer to Florida or California under 28 U.S.C. § 1404(a). As previously mentioned, Plaintiff ignores the putative class-action nature of this litigation, and its own business-related contact with Pennsylvania. Therefore, the Court will decline to exercise its discretion to transfer this litigation at its current procedural posture. Critical to the Court's decision to retain jurisdiction are the nationwide class

allegations which include Pennsylvania residents in conjunction with Defendant's purported sales of Kia Souls and Seltos in Pennsylvania.  Therefore, Defendant's motion to transfer to Florida or California is denied.

## III.   CONCLUSION:

For the above reasons, Defendant's Motion to Dismiss the First Amended Complaint is denied.

BY THE COURT:

   /s/ John Milton Younge   
Judge John Milton Younge